E-FILED
Friday, 28 August, 2026 11:16:49 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| WAYNE PATTERSON,<br>Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, *et al.*,<br>Defendant. | Case No. 25-cv-1523 |

# Order

Now before the Court is the Defendants', Scott Bessent in his official capacity as Secretary of the Department of the Treasury ("the Treasury"), and Brooke Rollins, in her official capacity as Secretary of the United States Department of Agriculture ("USDA"), Motion to Dismiss (D. 13).[1] For the reasons set forth below, the Defendants' Motion is granted in part and denied in part.

## I

On February 16, 2026, the Plaintiff filed his Amended Complaint (D. 4). On July 6, 2026, the Defendants filed the pending Motion (D. 13), to which the Plaintiff responded (D. 15). The Motion is therefore ripe for disposition.

## II

The Plaintiff brings this case to "challeng[e] the federal government's ongoing administrative offset of his Social Security retirement benefits to collect an alleged SNAP Overpayment debt of $27,049.00". (D. 4 at ECF p. 1). Particularly, the Plaintiff alleges that a 2016 investigation by the Illinois Department of Human Services ("IDHS") has led to the Treasury and the USDA's seizure of the Plaintiff's

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

overpaid SNAP benefits. The Plaintiff now brings several claims to challenge the United States' offset of his Social Security benefits to satisfy his SNAP-related debt. In Counts One through Three, the Plaintiff alleges a violation of the APA, on grounds that, respectively: the "USDA's certification of the $27,049 SNAP overpayment debt … is arbitrary and capricious" (D. 4 at ECF p. 17); is "not in accordance with the law" (*id.* at ECF p. 18); and is "without observance of procedure required by law". (*Id.* at ECF p. 20). The Plaintiff further alleges in Count Four that "[t]he ongoing offset of Plaintiff's Social Security benefits constitutes a deprivation of [his] protected property interest" under the Fifth Amendment. (*Id.* at ECF p. 21). Lastly, in Count Five, the Plaintiff alleges a stigma-plus Fifth Amendment claim.

The Defendants move to dismiss the Amended Complaint on several grounds. First, the Defendants argue that the offset of the Plaintiff's SNAP benefits is a ministerial, non-discretionary function, and thus is inactionable. Next, the Defendants aver that the claims are barred by sovereign immunity. The Defendants further argue that both collateral estoppel and the *Rooker-Feldman* Doctrine bar this suit.

**III**

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id*. The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

**IV**

The Court will address the Defendants' four arguments: (1) that the case is barred by the *Rooker-Feldman* doctrine; (2) that sovereign immunity applies; (3) that the Plaintiff challenges a ministerial function; and (4) that the case is barred by collateral estoppel.

**A**

The Court will begin with the Defendants' *Rooker-Feldman* arguments which, if successful, divest this Court of jurisdiction.[2] On May 29, 2014, the Plaintiff initiated a lawsuit in the Circuit Court of McLean County (11-MR-117), seeking review of the IDHS's finding that the Plaintiff owed IDHS $27,049.00 in overpaid SNAP benefits (the same sum relevant to the pending suit). Specifically, the IDHS investigated the Plaintiff, found that he had misreported pertinent information, and consequently received an overpayment of SNAP benefits. The

---

[2] "Because the *Rooker–Feldman* doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of res judicata." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554–55 (7th Cir. 1999).

McLean County Court affirmed the IDHS's finding, the Fourth Appellate District Court affirmed the County's finding, and the Illinois Supreme Court denied review (*Patterson v. Department of Hum. Services*, 21 N.E. 3d 715 (2014)). The United States Supreme Court also denied review (*Patterson v. Illinois Department of Hum. Services*, 575 U.S. 981 (2015)).

Then, in October 23, 2015, the Plaintiff filed a lawsuit in this district to effectively seek review of the IDHS's (and Illinois courts') findings. The Court dismissed that case with prejudice on grounds of sovereign immunity and statute of limitations. The Seventh Circuit Court of Appeals affirmed the district court's findings. The Seventh Circuit further held that "the doctrine of claim preclusion bar[red] [that] suit." (Case No. 1:15-cv-1435, D. 36-1 at ECF p. 4).

The Defendants now argue that the Plaintiff's pending Complaint requires this Court to revisit and overrule the state courts' findings. In response, the Plaintiff argues that the pending Complaint does not invoke the state court's decision nor the claims previously litigated. Rather, argues the Plaintiff, this case challenges the USDA's certification of the Plaintiff's debt, and the Treasury's withholding of the Plaintiff's social security benefits to pay off the debt.

"Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Long*, 182 F.3d at 554 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Id*. "In assessing the applicability of the *Rooker–Feldman* doctrine in a particular case, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Id*. at 555 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)).

Here, the Court finds that much of the Plaintiff's Complaint "result[s] from the state court judgment itself". *Id*. Specifically, the Plaintiff currently raises several "federal claim[s] alleging injury caused by a state court judgment". *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701–02 (7th Cir. 1998). The Court will address each of the Plaintiff's claim in turn, and determine which run afoul of the *Rooker-Feldman* doctrine.

**1**

Under Count One, the Plaintiff alleges that the "USDA's certification of the $27,049 SNAP overpayment debt to the Treasury Offset Program is arbitrary and capricious". (D.4 at ECF p. 17). In support, the Plaintiff alleges that the report rests on the IDHS's faulty investigation of the Plaintiff's SNAP overpayment. These allegations run directly afoul of the state court's review of the IDHS's decision, in which the McClean County Court, and subsequently the Fourth Appellate District Court, upheld the IDHS's investigation and found that the Plaintiff fraudulently procured a $27,049.00 SNAP overpayment. Thus, the Plaintiff asks this Court—whether implicitly or explicitly—to overrule the state courts' findings in order to grant him relief under Count One. This claim, therefore, is dismissed without prejudice under the *Rooker-Feldman* doctrine. *See Elizabeth A. Fitzgibbon v. Bryan Keberlein, et al.*, No. 26-CV-23, 2026 WL 2389689, at *5 (E.D. Wis. Aug. 17, 2026) ("Fitzgibbon alleges that the child support agency officials were complicit in enforcing an invalid judgment. This court, however, cannot grant relief that would undermine or otherwise suggest the invalidity of a state court judgment. Because this claim rests on the premise that the state court judgment was invalid, the court must dismiss it.").

**2**

Count Two alleges that the "USDA's certification of the debt and Treasury's offset violate appliable federal statutes and regulations" because the agency

actions are "not in accordance with the law". (D. 4 at ECF p. 18–19). Specifically, the Plaintiff alleges that the calculation of the SNAP overpayment is errant such that the "27,049 figure [is] legally and factually baseless". *Id*.

But the $27,049.00 figure stems directly from the McClean County Court's review of the IDHS's investigation; this figure was not pulled out of a hat, or even independently calculated by, the Defendants. To disturb the $27,049.00 figure, therefore, would require this Court to undermine the state court judgment. That it cannot do. Count Two is therefore dismissed with prejudice. *See Rooker*, 263 U.S. at 415–16 ("If the [state-court] decision was wrong, ... no court of the United States other than this court could entertain a proceeding to reverse or modify the [state-court] judgment[.]"); *Jakupovic v. Curran*, 850 F.3d 898, 903 (7th Cir. 2017) ("As alleged, defendants-appellees executed the state court's bond condition and order, and detained Jakupovic for six days. To find defendants-appellees' conduct unlawful, we would have to determine that the state court erred in keeping Jakupovic detained for lacking a Lake County residence. As such, Jakupovic's claims are inextricably intertwined with the state court's judgments.").

**3**

Next, Count Three alleges that the "USDA failed to comply with … mandatory pre-offset procedural requirements [under the APA] before certifying Plaintiff's alleged debt to Treasury for offset of his Social Security retirement benefits." (D. 4 at ECF p. 20).

The Defendants do not raise a specific argument as to how this claim falls under the *Rooker-Feldman* doctrine. While the claim relates to the Plaintiff's SNAP overpayment, it appears to challenge the USDA's and Treasury's offset of the debt—not the state court's review of the IDHS's investigation. It is therefore plausible for this Court to find, without disturbing the state courts' findings, the Defendants' violated certain notice requirements before certifying the Plaintiff's

debt for Social Security offset. Claim Three, therefore, survives the *Rooker-Feldman* doctrine.

**4**

Under Claim Four, the Plaintiff alleges that the IDHS violated the Fifth Amendment's promise of procedural due process during its investigation. This claim was brought directly before, and decided by, the Illinois courts. Even if the Plaintiff raises certain ancillary arguments in this case that were not raised in his Illinois litigation, to find in his favor would still require this Court to directly undermine and invalidate the state courts' findings. Thus, Count Four is dismissed without prejudice. *See Fox v. Iverson*, No. 26-CV-0772-BHL, 2026 WL 2043008, at *5 (E.D. Wis. July 15, 2026) ("This claim must also be dismissed because Fox is attempting to directly challenge a state court judgment.").

**5**

Lastly, Count Five alleges that, as a result of the IDHS's (and subsequent state courts') findings, the Plaintiff suffers from the "stigmatizing designation" of "conspiracy with the intent to defraud the State of Illinois". (D. 4 at ECF p. 23). Once again, for this Court to grant the Plaintiff relief under Count Five, the Court would have to disavow and overrule the Illinois courts' findings that the Plaintiff intended to defraud Illinois. Because the *Rooker-Feldman* doctrine prohibits such an action, this claim is dismissed. *See Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008) ("Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees.").

In sum, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction over Counts One, Two, Four, and Five of the Plaintiff's Amended Complaint. Each of these claims is dismissed without prejudice. Only Count Three remains.

**B**

The Court will next evaluate the Defendants' remaining arguments as to Count Three: whether it is subject to sovereign immunity, whether it violates collateral estoppel, and whether it alleges a ministerial function.

**1**

As to sovereign immunity, the Defendants argue that "[a]ny claims against defendants in their 'official' capacities seeking damages for purported constitutional violations are barred by sovereign immunity." (D. 13 at ECF p. 7). While this argument may have extended to the Plaintiff's other claims, it does not apply to Count Three: this claim alleges a violation of the APA for failure to comply with agency-notice procedures, not a constitutional violation. Thus, sovereign immunity, as argued, is not applicable to Count Three.

**2**

Collateral estoppel also does not apply to Count Three. "In general, collateral estoppel applies when four distinct conditions are met: '1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.'" *Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020) (quoting *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)).

As the Court explained in Section IV(A)(3), Count Three necessarily involves actions that transpired after the state courts' decisions took place. That is, while in state court the Plaintiff challenged the IDHS's decision that the Plaintiff

defrauded Illinois, Count Three alleges that the Defendants violated notice requirements when they certified the SNAP overpayment for offset. Accordingly, as to the state court litigation, "the determination of [this] issue" was not "essential to the final judgment", nor is "the issue sought to be precluded … the same as that involved in the prior action". *Id*. The Defendants' collateral estoppel argument thus fails as to Count Three.

**3**

Next, the Defendants argue that, as to the Treasury, Count Three fails because the offset of a debt is a ministerial function. Specifically, the Treasury relies on authority that the "'Treasury is, by law, required to offset these payments,' and so, the offsets amount to a 'non-discretionary function by Treasury.'" (D. 13 at ECF p. 7) (quoting *Tavares v. United States*, No. 3:CV-13-1654, 2014 WL 4351532, at *7 (M.D. Pa. Sept. 2, 2014)).

The Court agrees that the Treasury's role in this process is ministerial. Indeed, it is not the Treasury who certifies the debt; rather, once the debt is certified, the Treasury is mandated to facilitate the offset. *See* 31 U.S.C. §§ 3716(c)(6)(A), 3720A(a); 31 C.F.R. §§ 285.4(d); 31 C.F.R. § 285.5(d)(6). Thus, the notice requirements—if violated—were not violated by the Treasury, but by the USDA. And a plethora of courts have found the Treasury's role in offset proceedings to be ministerial and thus inactionable. *See, e.g., Tavares*, 2014 WL 4351532, at *7 (M.D. Pa. Sept. 2, 2014) ("Third, the application of the Treasury offset to this payment is mandated by law and is largely a non-discretionary function by Treasury, a duty which Treasury cannot avoid performing[.] … Therefore, we should not interfere with the Treasury in its performance of this duty which it is required by law to perform."); *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (citing 31 U.S.C. § 3716(c)(1)(A)) ("If properly certified, the Treasury Department must administratively offset the debt."); *Lepelletier v. U.S.*

*Dep't of Educ.*, No. CIV. 09-1119(RJL), 2009 WL 4840153, at *1 (D.D.C. Dec. 14, 2009) ("Lepelletier has named both the Departments of Education and Treasury as defendants to his suit. Treasury, however, is not a proper party to the suit. When a creditor agency, like Education in this case, refers a certified non-tax debt to Treasury, Treasury must offset federal payments otherwise owed to the non-tax debtor to help satisfy the outstanding debt. … Creditor agencies like Education may only certify debts that are eligible for offset under applicable regulations, and it is incumbent upon the creditor agency, not Treasury, to afford the debtor due process with respect to disputing the outstanding debt. Accordingly, to the extent Lepelletier may seek to dispute his outstanding debt in court, he must proceed against the creditor agency with whom he has a dispute—here, Education. He cannot sustain his action against Treasury.").

Thus, Count Three is dismissed as to the Defendant-Treasury, but remains pending against Defendant-USDA. If the USDA has proof of compliance with § 285.4(d), this case could be resolved at summary judgment with that evidence. But as things currently stand, the Plaintiff has plausibly alleged that the USDA failed to satisfy § 285.4(d) before certifying the debt to the Treasury.

**V**

For the reasons set forth above, the Defendants' Motion to Dismiss (D. 13) is granted in part and denied in part. Counts One, Two, Four, and Five of the Amended Complaint (D. 4) are dismissed without prejudice, as the Court lacks subject-matter jurisdiction over these claims under the *Rooker-Feldman* doctrine.

This case will thus proceed on Count Three only, with only Brooke Rollins, in her official capacity as Secretary of the United States Department of Agriculture, remaining as a Defendant. Meanwhile, Defendant Scott Bessent in his official capacity as Secretary of the Department of the Treasury, shall be terminated as a

Defendant. The matter is referred to the Magistrate Judge for a settlement conference.

*It is so ordered.*

Entered on August 28, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE